**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN KENT STOCKWELL,

Plaintiff,

v. Civ. No. 26-3715 GBW

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. and ATTORNEYS' LIABILITY ASSURANCE SOCIATY, LTD., A RISK RETENTION GROUP,

Defendants.

**ORDER AND NOTICE REGARDING CASE MANAGEMENT**

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint for Legal Malpractice, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, and Breach of the Implied Covenant of Good Faith and Fair Dealing, and Demand for Jury Trial, filed November 3, 2026. *Doc. 1* at 5–64. The Court notifies Plaintiff of the following regarding case management.

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal

Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Plaintiff has an obligation to prosecute this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action[.]"); *Gustafson v. Luke*, 696 F. App'x. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff also has an obligation to serve Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").

Finally, the Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to

> the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS SO ORDERED.**



GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE